Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

Jason Skala
Law Offices of Jason Skala, LLC
800 E. Dimond Blvd., Ste. 3-305
Anchorage, AK 99515
(907) 569-6633
jason@907attorney.com
Co-counsel attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT IN FAIRBANKS

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | **RECEIVED** |
| ) | MAY 0 4 2026 |
| vs. ) | Attorney General's Office |
| ) | Juneau |
| SCOTT MCAFEE, LUCAS ) | |
| ALTEPETER, STATE OF ALASKA ) | |
| DEPT. Of PUBLIC SAFETY, ) | |
| ANNA RODZINSKI, ANUSIA ) | |
| FILMS, LLC and A&E ) | |
| TELEVISION NETWORKS, LLC, ) | |
| ) | |
| Defendants. ) | Case No. 4FA-26-01695CI |
| ) | |

**COMPLAINT**

4919 / 01 Complaint
Doe v McAfee et al.
Page 1

COMES NOW the plaintiff, JANE DOE, by and through their attorneys Barber &

Associates, LLC and Law Offices of Jason Skala, LLC, and for her Complaint against

defendants SCOTT MCAFEE, LUCAS ALTEPETER, STATE OF ALASKA, DEPT.

Of PUBLIC SAFETY, ANNA RODZINSKI, ANUSIA FILMS, LLC and A&E

TELEVISION NETWORKS, LLC, does state and allege as follows:

## JURISDICTION AND VENUE

1.     At all times material hereto, plaintiff was and is a resident in the Fourth Judicial

District, Alaska.

2.     At all times material hereto, defendants Scott McAfee and Lucas Altepeter were and

are residents in the Fourth Judicial District, Alaska.

3.     At all times material hereto, defendant State of Alaska, Dept. Of Public Safety

is a sovereign entity and agency of the State of Alaska, Alaska which trains and operates the

Alaska State Troopers in the Fourth Judicial District, Alaska.

4.     At all times material hereto, defendant Anna Rodzinski was and is a resident of

Washington who did business in the Fourth Judicial District, Alaska.

5.     At all times material hereto, defendant Anusia Films, LLC was and is a Washington

limited liability company which did business in the Fourth Judicial District, Alaska.

6.     At all times material hereto, defendant A&E Television Networks, LLC was and is

a Delaware limited liability company which did business in the Fourth Judicial District,

Alaska.

4919 / 01 Complaint
Doe v McAfee et al.
Page 2

Exhibit A, Page 2

## FACTUAL BACKGROUND

7. The plaintiff re-alleges paragraphs 1 through 6 as though fully included herein.

8. In 2025, Jane Doe assisted Alaska State Trooper Scott McAfee as a confidential informant which resulted in a threat against Jane Doe.

9. Jane Doe advised Trooper McAfee of the threat.

10. Later in 2025, Trooper McAfee contacted Jane Doe and requested her assistance in another arrest.

11. Jane Doe assisted Trooper McAfee.

12. Although Trooper McAfee knew that Jane Doe was assisting him as a confidential informant, and he knew that Jane Doe had previously been threatened by an individual who suspected her of being a confidential informant, Trooper McAfee arrested the suspect with a film crew shooting an episode of the Alaska State Troopers entertainment show which was being prepared by Anna Rodzinski and Anusia Films, LLC for A&E Entertainment LLC to stream publicly on Hulu in the United States and available for purchase on Amazon Prime which risked compromising the plaintiff's identity.

13. On information and belief, Sergeant Alterpeter was Trooper McAfee's supervisor with the Alaska State Troopers who was also aware that Jane Doe was a confidential informant, and who knew or should have known that the arrest of a suspect would be filmed by a television film crew working on the Alaska State Troopers television show in a manner which compromised the confidentiality of Jane Doe.

4919 / 01 Complaint
Doe v McAfee et al.
Page 3

14. Sergeant Alterpeter, Trooper McAfee, and/or others responsible at the Dept. Of Safety who were involved in airing arrests as public entertainment knew or should have known that filming the arrest of the suspect where the plaintiff was a confidential informant would cause severe emotional distress and harm to the plaintiff whose identity and involvement in the arrest was compromised by details filmed and aired as public entertainment.

15. Jane Doe protested to Trooper McAfee and objected to filming of the arrest.

16. On information and belief, Sergeant Alterpeter or Trooper McAfee or another Alaska State Trooper advised Anna Rodzinski or one of her colleagues involved in filming the arrest that Jane Doe was a confidential informant.

17. Notwithstanding knowledge that the plaintiff was a confidential informant, defendants proceeded to film and air the episode of Alaska State Troopers in such a way that the plaintiff's identity and involvement was discernable.

18. Defendants were aware of an obvious and substantial risk of harm to the plaintiff and negligently and/or recklessly and/or intentionally created or exacerbated that danger to the plaintiff.

19. After the airing of the Alaska State Troopers episode showing the arrest of a suspect described above, the plaintiff received hostile communications including death threats from individuals suspecting her of being a confidential informant.

4919 / 01 Complaint
Doe v McAfee et al.
Page 4

20. The defendants' tortious conduct caused the plaintiff to suffer past and future: medical expense, pain, anxiety, suffering, severe emotional distress, inconvenience, security and privacy expenses.

21. The plaintiff had a special relationship with the defendants by virtue of her assistance in the arrest of a suspect as a confidential informant.

22. The defendants recklessly disregarded the interests of the plaintiff by filming and airing the footage of the arrest in a way which compromised the plaintiff's identity as a confidential informant.

23. The plaintiff did not consent to the filming of an arrest or publication of that film.

24. The defendants acted in concert and/or joint venture and were responsible for filming and airing the arrest which compromised the plaintiff's confidential involvement.

25. On information and belief, the defendants have an arrangement or agreement with respect to filming and airing arrests, including the arrest at issue in this case.

26. The defendants created the peril for the plaintiff which was a substantial factor in causing harm to her for which defendants are liable.

27. The defendants had a duty to take reasonable steps to protect the safety of the plaintiff from reasonably foreseeable harm.

28. The defendants acted in concert and/or joint venture to film and publicize the arrest of a suspect for financial gain and failed to take reasonable steps to prevent the plaintiff's identity and role as a confidential informant from being discovered.

4919 / 01 Complaint
Doe v McAfee et al.
Page 5

29. The defendants actions evidenced reckless disregard for the plaintiffs interests and/or were outrageous.

30. On information and belief, the defendants were motivated by fame, fortune or financial gain.

31. The defendants exploited the plaintiff's life and safety for profit and/or personal gain.

32. The plaintiff had a right to privacy protected by the US and Alaska Constitution.

33. The plaintiff had a right to due process under the Fourteenth Amendment of the US and Alaska Constitution.

34. The defendants' actions violated the plaintiff's reasonable expectation of privacy and due process, and constituted a serious invasion of privacy done in reckless disregard of the probability of causing severe or extreme emotional distress.

35. The defendants deprived the plaintiff of the benefit of public confidence and safety.

36. The defendants acted intentionally and/or with malice and/or reckless disregard for her health and safety which was a substantial factor in causing harm to her for which defendants are liable.

37. The defendants' filming of the arrest at the particular location and under the circumstances was an unreasonable intrusion into a private place, conversation or manner which was highly offensive to a reasonable person and constituted nuisance in addition to invasion of privacy.

## CAUSES OF ACTION

4919 / 01 Complaint
Doe v McAfee et al.
Page 6

(**Scott McAfee and Lucas Alterpeter**)

38. The plaintiff re-alleges paragraphs 1 through 37 as though fully pled herein.

39. Trooper McAfee and Sergeant Alterpeter had a special relationship with the plaintiff and a duty to the plaintiff to act in a non-negligent manner when working with the plaintiff in a law enforcement action and to take reasonable steps to prevent disclosure of plaintiff's identity as a confidential informant.

40. Trooper McAfee and Sergeant Alterpeter's negligence was a breach of their duty to the plaintiff and a substantial factor in causing harm to the plaintiff for which they are liable.

41. Trooper McAfee and Sergeant Alterpeter's gross negligence was a breach of their duty to the plaintiff and a substantial factor in causing harm to the plaintiff for which they are liable.

42. Trooper McAfee and Sergeant Alterpeter's recklessness was a breach of their duty to the plaintiff and a substantial factor in causing harm to the plaintiff for which they are liable.

43. Trooper McAfee and Sergeant Alterpeter are liable to the plaintiff for negligent and/or intentional infliction of emotional distress which was a substantial factor in causing harm to the plaintiff.

4919 / 01 Complaint
Doe v McAfee et al.
Page 7

44. Trooper McAfee's and Sergeant Alterpeter's intentionally intrusion into a place, conversation or matter as to which the plaintiff had a reasonable expectation of privacy was a tortious invasion of her right to privacy for which they are liable.

45. Trooper McAfee and Sergeant Alterpeter's unreasonable and/or intentional intrusion into a place, conversation or matter as to which the plaintiff had a reasonable expectation of privacy was a nuisance and unreasonable interference with the plaintiff's use of land for which they are liable.

46. Trooper McAfee and Sergeant Alterpeter are liable for breach of the covenant of good faith and fair dealing.

47. Trooper McAfee and Sergeant Alterpeter are liable under joint venture theory for Anusia Films, LLC and A&E Television Networks, LLC's negligent, grossly negligent, or reckless conduct, and for which was a substantial factor in causing harm to the plaintiff.

48. Alternatively, Trooper McAfee's and Sergeant Alterpeter's intentional and malicious actions in bringing a television crew to film an arrest at plaintiff's property under circumstances which created danger to the plaintiff and/or exacerbated danger to her violated her United States and Alaska Constitutional rights to privacy and right to due process and subject them to liability for the harm caused to the plaintiff under 28 U.S.C. § 1983 to the extent that they were acting individually under color of law.

4919 / 01 Complaint
Doe v McAfee et al.
Page 8

49. Trooper McAfee and Sergeant Alterpeter are liable for past and/or future: medical expense, pain, suffering, anxiety, loss of enjoyment of life, inconvenience, relocation costs, expenses to maintain security and privacy, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

50. Trooper McAfee and Sergeant Alterpeter are liable to plaintiff for punitive damages for conduct which evidenced reckless disregard of plaintiff's interests and/or was outrageous.

51. Trooper McAfee and Sergeant Alterpeter are liable to plaintiff for full reasonable attorney fees pursuant to 28 U.S.C. § 1988.

### (State of Alaska, Dept. Of Public Safety)

52. Plaintiff re-alleges paragraphs 1 through 51 as though fully pled herein.

53. The State of Alaska, Dept. Of Public Safety is liable for negligent training and/or supervision which was a substantial factor in causing harm to the plaintiff.

54. The State of Alaska, Dept. Of Public Safety is vicariously liable for the negligent and/or reckless actions and/or failures to act of its employees which was a substantial factor in causing harm to the plaintiff.

55. The State of Alaska, Dept. Of Public Safety is liable under joint venture theory for Anusia Films, LLC and A&E Television Networks, LLC's negligent, grossly negligent,

4919 / 01 Complaint
Doe v McAfee et al.
Page 9

or reckless conduct, and for which was a substantial factor in causing harm to the plaintiff.

56. The State of Alaska, Dept. Of Law is liable for reckless intrusion into a place, conversation or matter as to which the plaintiff had a reasonable expectation of privacy which was a tortious invasion of her right to privacy.

57. The State of Alaska, Dept. Of Law is liable for violation of the plaintiff's reasonable expectation of privacy, nuisance and unreasonable interference with the plaintiff's use of land.

58. The State of Alaska, Dept. Of Public Safety is liable for past and/or future: medical expense, pain, suffering, anxiety, loss of enjoyment of life, inconvenience, relocation costs, expenses to maintain security and privacy, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

**(Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC)**

59. Plaintiff re-alleges paragraphs 1 through 58 as though fully pled herein.

60. Anusia Films, LLC and A&E Television Networks, LLC are liable for the actions and/or failures to act of their employees and/or agents under theories of vicarious liability and or agency and/or respondeat superior.

4919 / 01 Complaint
Doe v McAfee et al.
Page 10

61. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC's negligence and/or recklessness was a substantial factor in causing harm to the plaintiff for which these defendants are liable.

62. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC are liable for intentional infliction of emotional distress.

63. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC are liable for reckless intrusion into a place, conversation or matter as to which the plaintiff had a reasonable expectation of privacy which was a tortious invasion of her right to privacy.

64. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC are liable for violation of the plaintiff's reasonable expectation of privacy, nuisance and unreasonable interference with the plaintiff's use of land.

65. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC's conduct evidenced reckless disregard for the interests of the plaintiff and/or was outrageous.

66. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC are liable for punitive damages.

67. Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC are liable for past and/or future: medical expense, pain, suffering, anxiety, loss of enjoyment of life, inconvenience, relocation costs, expenses to maintain security and privacy, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess

4919 / 01 Complaint
Doe v McAfee et al.
Page 11

of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

68. Plaintiff requests injunctive relief and prays that the court prohibit Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC from publicizing and/or broadcasting and/or making the episode at issue available on the internet.

69. Plaintiff requests equitable relief including disgorgement of profits from Anna Rodzinski, Anusia Films, LLC and A&E Television Networks, LLC which were obtained to the detriment of the plaintiff and in violation of the plaintiff's rights.

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendants for an amount greater than $100,000 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees, injunctive relief described above, and such other relief as the court deems just.

DATED at Anchorage, Alaska this _23rd_ day of April, 2026.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By:   _/s/ Jeff Barber_____
      JEFF BARBER
      AK Bar #0111058

4919 / 01 Complaint
Doe v McAfee et al.
Page 12